# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EMPLOYERS AND LOCAL 534 MEAT ) | |
| EMPLOYEES PENSION FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-CV-2735 CAS |
| ) | |
| SCHUETTE STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Default Judgment against defendant Schuette Stores, Inc. pursuant to Rule 55(b), Federal Rules of Civil Procedure. The summons and a copy of the complaint were served upon defendant Schuette Stores, Inc. on November 28, 2017. Defendant has not filed an answer or other response to the complaint, and did not seek additional time to do so. On plaintiffs' motion, the Clerk of the Court entered default against defendant under Rule 55(a), Fed. R. Civ. P., on January 24, 2018.

Plaintiffs bring this action pursuant to Section 502(e)(1) and (f) the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f), and Section 301 of the Labor Relations Management Act of 1947 ("LMRA"), 29 U.S.C. § 185. The plaintiffs are an employee benefit plan and multiemployer plan (the "Pension Fund") and its four individual Trustees. Defendant Schuette Stores, Inc., an Illinois corporation, is a party to a collective bargaining agreement with the United Food and Commercial Workers Local 534 (the "Union"), covering the meat, delicatessen and seafood department employees in defendant's grocery stores. Under the terms of the collective bargaining agreement, defendant has been bound to the Agreement and Declaration of Trust of the Pension Fund.

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

In their motion for default judgment, plaintiffs seek $43,215.96 in delinquent and underpaid contributions, $346.50 in attorneys' fees, and $604.68 in costs.

The Court concludes it cannot enter default judgment in this matter because plaintiffs have not adequately proved their damages. In an attempt to establish the amount of delinquent contributions, plaintiffs have submitted an affidavit of Kim Higgins, a Contribution Processor with Zenith American Solutions ("Zenith"), which administers the Pension Fund. Ms. Higgins's duties include processing payments from employers who are party to collective bargaining agreements with the Union which require contributions to the Pension Fund. Ms. Higgins estimates the amount of contributions owed by defendant from March 2017 through December 2017 based on the average number of hours reported by defendant for the 2016 calendar year.

The record before the Court does not indicate why it was necessary for plaintiffs to estimate damages in this case rather than performing an audit to obtain an accurate sum owed. Plaintiffs have not stated that defendant has refused an audit, and they have not asked the Court to order an accounting of defendant's records. The Court does not believe that plaintiffs' estimated damages are appropriate without some showing of necessity for making such estimates. Cf. Trustees of the Ceramic Tile and Marble Masons' Union No. 18 of Mo. Pension Plan v. Jones, No. 4:08-CV-885 CEJ, 2008 WL 4279593, at *1-2 (E.D. Mo. Sept. 15, 2008).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **DENIED**. [Doc. 6]

                                                                         _/s/ Charles A. Shaw_
                                                            **CHARLES A. SHAW**
                                                            **UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of February, 2018.